# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: December 14, 2020

| | | |
|---|---|---|
| * * * * * * * * * * * * * | * | |
| DIANA R. HECHT, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 19-387V |
| | * | |
| v. | * | Special Master Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Ruling on Entitlement; Concession; |
| AND HUMAN SERVICES, | * | Influenza ("Flu") Vaccine; Shoulder Injury |
| | * | Related to Vaccine Administration |
| Respondent. | * | ("SIRVA"). |
| | * | |
| * * * * * * * * * * * * * | * | |

Matthew F. Belanger, Faraci Lange, LLP, Rochester, NY, for petitioner.
Camille M. Collett, U.S. Department of Justice, Washington, DC, for respondent.

## RULING ON ENTITLEMENT[1]

On March 13, 2019, Diane R. Hecht ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Act" or "the Program"), 42 U.S.C. § 300aa-10 et seq. (2012).[2] Petitioner alleged that she suffered a left shoulder injury as the result of an influenza ("flu") vaccination she received on September 26, 2016. Petition at 1 (ECF No. 1).

---

[1] Because this Ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2012). All citations in this Ruling to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

A fact hearing was held on October 6, 2020, in which the undersigned found by preponderant evidence that the onset of petitioner's shoulder injury occurred within 48 hours of her flu vaccination.  See Ruling of Fact dated Oct. 26, 2020, at 2 (ECF No. 47).

On December 10, 2020, respondent filed an amended report pursuant to Vaccine Rule 4(c) in which he conceded that petitioner is entitled to compensation in this case.  Amended Respondent's Report ("Am. Resp. Rept.") at 4.  Respondent stated, "[i]n light of the Special Master's fact ruling, and medical record evidence submitted in this case, DICP has concluded that petitioner suffered SIRVA as defined by the Vaccine Injury Table."  Id.  Specifically, respondent stated that "petitioner had no recent history of pain, inflammation, or dysfunction of her left shoulder; the onset of pain occurred within 48 hours after receipt of an intramuscular vaccination[3]" and "petitioner suffered the residual effects of her condition for more than six months."  Id.  Therefore, petitioner has satisfied all legal prerequisites for compensation under the Act.  Id. at 5.

A special master may determine whether a petitioner is entitled to compensation based upon the record.  A hearing is not required.  § 300aa-13; Vaccine Rule 8(d).  In light of respondent's concession and a review of the record, the undersigned finds that petitioner is entitled to compensation.  This matter shall now proceed to the damages phase.

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Special Master

---

[3] "This criterion is met pursuant to the Special Master's October 26, 2020 Ruling on Facts, and respondent does not waive his right to a potential appeal of this issue.  In addition, respondent asserts that nothing in the Rule 4(c) Report constitutes a waiver of any defenses that respondent may assert in the damages phase."  Am. Resp. Rept. at 4 fn.1.